# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARL EPKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:11 CV 1546 DDN |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This action is before the court upon the petitions[1] of Missouri state prisoner Carl E. Epkins for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc 11.) For the reasons set forth below, the writ of habeas corpus is denied.

## I.  BACKGROUND

On June 7, 2007, petitioner Carl Epkins was convicted following a bench trial in the Circuit Court of Pemiscot County of one count of first-degree murder, one count of first-degree assault, and two counts of armed criminal action. (Doc. 12, Ex. A at 69-70.) On July 17, 2007, the circuit court sentenced petitioner to life without parole for the first-degree murder, a consecutive term of life imprisonment for the first-degree assault, and terms of ten years imprisonment for each of the two counts of armed criminal action running concurrently with each other but consecutive to the life sentences. (Id.)  On November 26, 2008, the Court of Appeals affirmed the judgment on direct appeal. (Id., Ex. D.)

---

[1] Petitioner filed his original petition on September 6, 2011, and an amended petition on May 29, 2012. (Docs. 1, 21.)

On June 10, 2009, petitioner filed with the assistance of appointed counsel an amended pro se motion in the circuit court under Missouri Supreme Court Rule 29.15 for an evidentiary hearing and post-conviction relief.  (Id., Ex. E at 47-75.)  After an evidentiary hearing on October 27, 2009, the circuit court denied the motion on December 16, 2009.  (Id. at 79-86.)  On February 10, 2011, the Missouri Court of Appeals affirmed the circuit court's denial of the motion.  (Id., Ex. H.)  Thereafter, petitioner Epkins sought habeas corpus relief in this court.  In denying petitioner's direct appeal, the Missouri Court of Appeals described the facts, viewed in the light most favorable to the verdict, as follows:

> Epkins and his wife Keisha were separated and lived in different towns. Keisha was maintaining a sexual relationship with Eddie Luster, who had fathered her child born during her marriage to Epkins.  Around midnight on November 24, Luster visited Keisha at her Hayti apartment.
>
> Later that night, Epkins entered Keisha's apartment with a pistol. He ordered Luster, who was asleep on the couch, into the bedroom where Keisha was sleeping, where Epkins shot Luster three times, then Keisha five times.  Luster survived; Keisha did not.
>
> Epkins was quickly apprehended.  Highway Patrol Sergeant J.S. Stoelting and Hayti police officer Justin Brown went to interview him at the Pemiscot County Justice Center.  When Sergeant Stoelting read Epkins his *Miranda*[2] [footnote 2: **Miranda v. Arizona**, 384 U.S. 436 (1966).] rights, Epkins asked to speak with his attorney.  Sergeant Stoelting left the room, for less than a minute, to call for a jailer to return Epkins to his cell. Officer Brown, who stayed behind and knew Epkins as a drug informant, engaged in small talk with Epkins unrelated to the case.[3]  [Footnote 3: Officer Brown asked Epkins how he was doing living in Illinois and how a prior injury was healing.]
>
> Epkins started volunteering details about what led up to the shooting; that he and Keisha had been having problems; he was under a lot of pressure; and he felt overloaded.  Epkins asked whether "Eddie was okay" and if Keisha was dead.  Officer Brown answered that Luster would live, but Keisha was dead.  Epkins replied that Keisha's death lifted a weight off his shoulders.

> Before trial, [petitioner] unsuccessfully moved to suppress his forgoing statements, which were included, over Epkins timely trial objections, in the depositions and police reports of Sergeant Stoelting and Officer Brown admitted at trial.

Doc. 12, Ex. D, Memorandum at 2-3.

## II.  PETITIONER'S GROUNDS FOR HABEAS RELIEF

Petitioner claims the following grounds for relief in this habeas action:

(1)   The trial court erred in denying petitioner's motion to suppress the oral statements he made to the police during police interrogation and in overruling petitioner's trial objection to the admission of those statements;

(2)   His trial counsel rendered constitutionally ineffective assistance for:

   a) Coercing petitioner into waiving his right to a jury trial;
   b) Refusing the call petitioner to testify at trial in his own behalf;
   c) Agreeing to admission of evidence without informing petitioner and in violation of the Confrontation Clause;
   d) Failing to request a mistrial or new trial due to an illegal search and seizure;
   e) Failing to investigate and present exculpatory evidence of defenses, including several witnesses;
   f) Failing to call a trajectory expert to testify at trial;
   g) Failing to request a mistrial or new trial due to the tainted crime scene;
   h) Failing to request a mistrial or new trial due to victim Luster's false testimony about his and victim Keisha's locations when compared with the autopsy report;
   i) Failing to suppress evidence obtained by illegal search of Arkeisha Smith's residence; and
   j) Failing to file a motion for a new trial and preserve claims for appeal.

(3)   His appellate counsel rendered constitutionally ineffective assistance for failing to raise on appeal:

   a) Insufficiency of evidence of the first-degree assault mens rea due to evidence of self-defense and sudden passion;
   b) Trial court error of denying petitioner's pretrial motion for appointment of experts at the state's expense;

    c) Trial court error when prosecution admitted, over the defense's objection, evidence of other criminal activity (the deposition of Justin Brown and a letter from Larry Ferrell);
    d) Trial court error allowing evidence in violation of the Confrontation Clause;
    e) Trial court error by not holding a hearing to determine whether his waiver of his right to testify in his own behalf was voluntary and knowing; and
    f) Trial court error by failing to acquit petitioner due to the insufficiency of the evidence.

(Doc. 1, Attachment at 16-17; Doc. 6 at 1-4.)

Respondent contends Ground One and Grounds Two (a) and (b) are meritless. Respondent also contends that Ground Two (b) is procedurally barred. Respondent has not responded to the remaining grounds.

## III.  EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(1)(A).  A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Given the limitation periods under Missouri law for asserting grounds for relief on direct appeal and in motions for post-conviction relief, no proper procedure for litigating petitioner Epkins' federal habeas claims now remains available to him.  See Mo. Sup. Ct. R. 29.15(b) (post-conviction relief motion must be filed within 90 days after the mandate of the court of appeals affirming the judgment or sentence is filed; or, if no appeal is filed, within 180 days from the date the person is delivered to the Department of Corrections); Mo. Sup. Ct. R. 81.04(a) (10 days to file a notice of appeal after circuit court judgment is final).

Exhaustion in the sense that petitioner now has no remaining procedure for bringing a claim to the state court does not, however, satisfy the federal statutory requirement.  Rather, a petitioner must have fairly presented the substance of each federal ground to the trial and appellate courts.  Anderson v. Harless, 459 U.S. 4, 6 (1982) (per

curiam).  If he has not done so and has no remaining procedure for doing so because he has defaulted on the legitimate requirements of the otherwise available procedures, any such ground for federal habeas relief is barred from being considered by the federal courts.  Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court).

Petitioner raised Ground One at the trial level by unsuccessfully moving to suppress his statements prior to trial and timely objecting to their admission at trial. (Doc. 12, Ex. J at 19, 186.)  He also appealed Ground One to the Missouri Court of Appeals and Missouri Supreme Court.  (Id., Ex. B at 11.)  Ground One is not procedurally barred.

On June 10, 2009, petitioner filed an amended pro se Rule 29.15 motion raising Grounds Two (a) and (b).  (Id., Ex. E at 52, 63.)  On December 16, 2009, the court overruled petitioner's motion.  (Id. at 2.)  Petitioner subsequently appealed Ground Two (a) but did not appeal Ground Two (b).  (Id., Ex. F.)  On February 10, 2011, the Missouri Court of Appeals rejected Ground Two (a) on the merits.  (Id., Ex. H at 7-11.)  Ground Two (b) is procedurally barred and Ground Two (a) is not.

Petitioner raised Grounds Two (c) through (j) and Grounds Three (a) through (f) for the first time in his federal habeas petitions.  Accordingly, Grounds Two (c) through (j) and Grounds Three (a) through (f) are also procedurally barred.

Nevertheless, petitioner may avoid the procedural bar if he can demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or if he can demonstrate that failure to review a defaulted claim would result in a fundamental miscarriage of justice.  Maples v. Thomas, 132 S. Ct. 912, 922 (2012); Coleman v. Thompson, 501 U.S. 722, 749-50 (1991).

Petitioner alleges that failure to review Ground Two (b) would result in a fundamental miscarriage of justice, arguing that he is innocent of the first-degree murder

and first-degree assault.  Alternatively, he argues that he did not deliberate prior to the murder but "acted in self-defense" or "acted recklessly."  (Doc. 24 at 18.)

To demonstrate that the failure to review his grounds for relief would result in a fundamental miscarriage of justice, the petitioner may show that he is actually innocent. Murray v. Carrier, 477 U.S. 478, 495-96 (1986).  A habeas petitioner asserting actual innocence to support his allegations of constitutional error must do so with new, reliable evidence.  Schlup v. Delo, 513 U.S. 298, 324 (1995).  Without new evidence of innocence, even a meritorious constitutional claim is not sufficient to permit a habeas court to reach the merits of a procedurally defaulted claim.  Id. at 316.  Schlup requires that a habeas petitioner must "come forward not only with new reliable evidence which was not presented at trial, but . . . come forward with new reliable evidence which was not available at trial through the exercise of due diligence."  Kidd v. Norman, 651 F.3d 947, 953 (8th Cir. 2011).

Petitioner does not support his assertion of actual innocence regarding first-degree murder and first-degree assault with new reliable evidence.  (Doc. 12 at 16-30.)  He contends solely that false testimony and "both trial counsel's failure to allow petitioner to take the stand to testify had the effect of foreclosing meaning[ful] exploration of a self-defense or sudden passion defense."  (Doc. 24 at 17-18.)  Petitioner's claim of actual innocence is insufficient to reach the merits of the procedurally defaulted claim.

Nevertheless, Congress has authorized federal courts to consider the merits of procedurally barred grounds and to dismiss them if a court concludes that the grounds are without merit.  28 U.S.C. § 2254(b)(2).  The undersigned has considered all of petitioner's federal grounds on their merits.

## IV.  STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that habeas relief may not be granted by a federal court on a claim that has been decided on the merits by a state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or…decides a case differently than [the] Court has on a set of materially indistinguishable facts." Thaler v. Haynes, 130 S. Ct. 1171, 1174 (2010) (per curiam) (citation omitted). This standard is difficult to attain because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (citation omitted). A state court's decision involves an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Thaler, 130 S. Ct. at 1174.

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 130 S. Ct. 841, 845 (2010). Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 130 S. Ct. at 845.

Because petitioner did not present to the state courts Grounds Two (b) through (j), this court reviews them under the pre-AEDPA standard for habeas review. Gingras v. Weber, 543 F.3d 1001, 1003 (8th Cir. 2008); Montes v. Trombley, 599 F.3d 490, 495 (6th Cir. 2010). Under the pre-AEDPA standard, the habeas petitioner must show a "reasonable probability that the error complained of affected the outcome of the trial or

-7-

that the verdict likely would have been different absent the now-challenged [defect]." Robinson v. Crist, 278 F.3d 862, 865-66 (8th Cir. 2002).

## V. EVIDENTIARY HEARING

Petitioner also requests an evidentiary hearing. AEDPA provides that a court shall not hold an evidentiary hearing on a habeas corpus claim unless a petitioner shows that:

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner raises no new rule of constitutional law and alleges no factual predicate that could not have been previously discovered with due diligence. Accordingly, petitioner's request for an evidentiary hearing is denied.

## VI.  DISCUSSION

**Ground One**

In Ground One, petitioner argues that the trial court erred in denying his motion to suppress the statements he made to the police during his post-arrest interview and in overruling the defense objection to the admission of those statements into evidence at trial. He alleges that the statements were obtained in violation of his constitutional rights to remain silent and to counsel.

The Fifth Amendment ensures an accused the right to the presence of legal counsel during a custodial interrogation. Miranda v. Arizona, 384 U.S. at 474. However, a subsequent waiver can be established if "the accused himself initiates further

communication, exchanges, or conversations with the police." Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). "Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." Miranda, 384 U.S. at 478. Therefore, when an accused in custody requests a lawyer and subsequently makes a statement to the police, the question is whether the accused was interrogated. Rhode Island v. Innis, 446 U.S. 291, 298 (1980). An accused's statement is not the product of a prohibited interrogation unless it is in response to questions that the police know or "should know are reasonably likely to elicit an incriminating response from [the] suspect." Id. at 301.

After petitioner's arrest, Sergeant Stoelting read petitioner his Miranda rights. Petitioner signed a form indicating he understood his rights and requested to speak with his lawyer. (Doc. 12, Ex. I, Stoelting Dep. at 51.) Sergeant Stoelting briefly left the interrogation room to get find a jailer to return petitioner to his cell, and Officer Brown remained in the room with petitioner. (Id.) Petitioner and Officer Brown knew each other from previous interactions and, while in the room, Officer Brown exchanged pleasantries with petitioner. (Id., Ex. I, Brown Dep. at 40.) Petitioner then asked Officer Brown about the victims and petitioner "began giving [Officer Brown] background on what led up to what happened that evening." (Id., Brown Dep. at 40). While petitioner spoke with Officer Brown, Sergeant Stoelting returned to the room, and petitioner asked Sergeant Stoelting whether Keisha was dead. (Id., Stoelting Dep. at 52.) Upon hearing that she died and without any prompting by the officers, petitioner stated that he felt pressure from his relationship with Keisha and that "with her dead it feels like a weight has been lifted off my shoulders." (Id., Ex. B at 4, Ex. C at 8-9.)

The Missouri Court of Appeals found that the officers did not interrogate petitioner. (Id., Ex. D at 4-5.) Considering the evidence in the record, the appellate court did not unreasonably apply federal law.

The Missouri Court of Appeals also held that petitioner's claim would fail "even if we found error—which we do not," because petitioner was not prejudiced by the statement's admission. (Id., Ex. D at 6.) Under Missouri law, "A person commits the

crime of murder in the first degree if he knowingly causes the death of another person after deliberation upon the matter." Mo. Rev. Stat. § 565.020. At trial, the prosecution presented overwhelming additional evidence demonstrating that petitioner deliberately committed the crimes. (Id., Ex. J at 57, 67, 71-73.) At trial, the prosecution elicited the testimony of several eyewitnesses who observed petitioner threaten the decedent's life one week prior to her death. (Doc 10, Ex. J at 46, 56, 67, 72.) On November 17, 2005, petitioner entered Keisha's apartment, where she and her relatives were. (Id. at 54.) Petitioner brandished a gun and told Keisha "[t]hat he was waiting on any nigger to come in and out the house [and] that he was going to kill her and the nigger and her mamma was going to have to raise the baby." (Id. at 56-57.) Further, Keisha's sister testified that petitioner told her, three weeks prior to the crime, that he would murder Keisha. (Id. at 71-72.) Additionally, at trial, Eddie Luster testified to the following. On November 24, 2005, petitioner entered Keisha's apartment, brandished a gun upon seeing Luster on the couch, and ordered Luster into the bedroom where Keisha was sleeping. (Id. at 77-81.) After some discussion between petitioner and Keisha, petitioner shot Luster three times. (Id. at 82-83.) Luster fell onto the bed and heard three or four additional shots. (Id. at 83-84.) After petitioner fled and before Luster left to seek help, he observed that Keisha was unresponsive. (Id. at 85-86.) Considering the testimony regarding his intent adduced at trial, the appellate court did not unreasonably apply federal law in concluding that petitioner suffered no prejudice as a result of the statement's admission.

Petitioner also argues that the Due Process Clause requires recording of statements made by defendants in custody. However, the Eighth Circuit has held that such recording is not constitutionally required. United States v. Williams, 429 F.3d 767, 772 (8th Cir. 2005).

Accordingly, Ground One is without merit.

**Ground Two (a)**

Ground Two (a) alleges petitioner's trial counsel was constitutionally ineffective for coercing petitioner into waiving his right to a jury trial.

-10-

In Strickland v. Washington, the Supreme Court defined ineffective assistance of counsel as arising under the Sixth and Fourteenth Amendments. 466 U.S. 668 (1984). Pursuant to Strickland, petitioners are entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

To prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate two elements. First, he must show that counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687–88. There is a strong presumption that petitioner's counsel rendered constitutionally effective assistance. Id. at 690. Counsel's strategic choices made after thorough investigation are virtually unchallengeable, and decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. Id. at 690–91.

Second, petitioner must demonstrate actual prejudice by counsel's deficient performance. Id. at 687. To show prejudice, petitioner must establish that counsel's professionally deficient performance rendered the outcome of the proceeding unreliable or fundamentally unfair. Id. at 687; Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993).

The state initially sought the death penalty against petitioner. (Doc. 12, Ex. A at 3.) The prosecutor offered to waive the death penalty if petitioner agreed to a bench trial. (Id., Ex. K at 16-17, 27-28.) Petitioner's lawyers both advised petitioner to accept the state's offer. (Id. at 17-18, 30.) One lawyer testified that, due to the "inflammatory nature" of the case, petitioner's case was better suited for a bench trial. (Id. at 18.) The second lawyer testified that "waiving a jury to have the death penalty waived was better for his murder case," based on the available evidence. (Id. at 30-31.) Petitioner accepted the state's offer and, after a hearing, the trial court determined that the jury trial waiver was "freely and voluntarily made after consultation with counsel." (Id., Ex. A at 3.)

"Issues of credibility are left to the discretion of the state courts." Winfield v. Roper, 460 F.3d 1026, 1035 (8th Cir. 2006). The post-conviction court determined that petitioner's counsel were credible witnesses and that their actions constituted "reasonable trial strategy." (Doc. 12, Ex. H at 8.) The Missouri Court of Appeals also rejected

petitioner's claim on the merits. (Id. at 7-11.) The court concluded that petitioner's counsel "did not fail to inform [petitioner] of his right to a jury trial; nor did they pressure or coerce him into waiving a jury." (Id.. Ex. E at 85; Ex. H at 8.) It reasoned that "[C]redible substantial evidence was presented that [petitioner] was informed by trial counsel of his fundamental right to a jury; and he knowingly, intelligently, and voluntarily waived it." (Id., Ex. H at 11.) The court finds no unreasonable application of federal law.

Ground Two (a) is without merit.

**Grounds Two (b) - (j)**

Despite the procedural bar, the court has examined Grounds Two (b) through (j) on the merits. Grounds Two (b) through (j) allege that petitioner's trial counsel was constitutionally ineffective.

In Ground Two (b), petitioner alleges that his counsel was constitutionally ineffective by refusing to call petitioner to testify. However, petitioner acknowledged at the post-conviction relief evidentiary hearing that his counsel informed him he could testify, prepared him to testify, and advised him against testifying after the state concluded its case at trial. (Doc. 12, Ex. K at 41-42.) In explaining their advice not to testify, petitioner's counsel stated that they believed the evidence admitted in the prosecution's case was as favorable to petitioner as possible. (Id. at 10, 25.) Further, they determined petitioner should not expose himself to cross-examination. (Id.) Ultimately, petitioner chose not to testify. (Id. at 11, 26.)

The post-conviction court determined that counsel informed petitioner of his right to testify and that their advice not to testify was reasonable trial strategy. (Id., Ex. E at 84.) This was no unreasonable application of federal law.

Ground Two (b) fails on the merits.

In Ground Two (c), petitioner alleges that trial counsel rendered constitutionally ineffective assistance of counsel by agreeing to the admission of Officer Brown's deposition and Larry Ferrell's letter without informing petitioner and in violation of the Confrontation Clause. However, this evidence was admitted in lieu of testimony and

petitioner suffered no actual prejudice from it because the testimony of both men likely would have resulted in the same outcome. (Doc. 12, Ex. J at 21.)

In Ground Two (d), petitioner contends his trial counsel rendered constitutionally ineffective assistance by failing to request a mistrial or new trial due to an illegal search and seizure. In Ground Two (e), petitioner alleges that trial counsel was constitutionally ineffective for failing to investigate exculpatory evidence of defenses, including several witnesses. However, the record contains no evidentiary support for either claim.

In Grounds Two (f) and (g), petitioner argues trial counsel rendered constitutionally ineffective assistance by failing to call a trajectory expert and for failing to request a mistrial or a new trial due to the tainted crime scene, respectively. Regarding Ground Two (f), petitioner concedes that he filed a pretrial motion for appointment of experts at the state's expense and that the trial court did not grant it. (Doc. 21 at 16.) Petitioner suggests no alternative avenue that counsel could have used to obtain expert testimony. Accordingly, petitioner fails to show deficient performance. Given the factual circumstances of the shootings, including his pre-crime and post-arrest statements, the likelihood is not substantial that bullet trajectory opinion evidence and evidence of any change in the crime scene would have led to a different outcome at trial.

Petitioner argues in Ground Two (h) that his trial counsel provided constitutionally ineffective assistance by failing to object and request a new trial due to witnesses' false testimony. Specifically, Eddie Luster and Sergeant Mills provided inconsistent trial testimony regarding Luster's position when he was shot. Luster testified that he fell after petitioner shot him, which implies that he was not lying down at the time he was shot. (Doc. 12, Ex. J at 83.) Sergeant Mills testified that no bullet holes were found in the walls but mostly around the bed or on the floor, which indicates that petitioner shot Luster while he was lying down. (<u>Id.</u> at 128.) Nothing in the record gives substantial support to petitioner's argument that inconsistent trial testimony constitutes appropriate grounds for habeas relief.

In Ground Two (i), petitioner alleges that his trial counsel rendered constitutionally ineffective assistance for failing to suppress evidence obtained by an illegal search.  The record contains no evidentiary support regarding an illegal search.

In Ground Two (j), petitioner contends that his trial counsel provided constitutionally ineffective assistance for failing to file a motion for a new trial and properly preserving claims for appeal.  As discussed above, each of petitioner's claims of constitutionally ineffective assistance of trial counsel fails on the merits.  Accordingly, the totality of trial counsel's actions was not prejudicial to petitioner, and petitioner's trial counsel was not constitutionally ineffective in failing to file a motion for a new trial and preserving these claims for appeal.

Accordingly, Grounds Two (b) through (j) fail on the merits.

**Grounds Three (a) – (f)**

In Ground Three (a), petitioner argues that appellate counsel rendered constitutionally ineffective assistance by failing to appeal the insufficiency of evidence for first-degree assault mens rea element due to evidence of self-defense and sudden passion.  Self-defense is an affirmative defense.  State v. Houcks, 954 S.W.2d 636, 638 (Mo. Ct. App. 1997).  As a result, plaintiff's claim of insufficient evidence regarding self-defense lacks merit.  Under Missouri law, a finding of sudden passion precludes a conviction of first-degree murder.  State v. Mudgett, 531 S.W.2d 275, 280 (Mo. 1975).  However, here, the finder of fact found deliberation, and, the evidence, as set forth above, sufficiently supports this finding.

In Ground Three (b), petitioner alleges appellate counsel rendered constitutionally ineffective assistance by failing to raise on appeal the trial court's failure to rule on a pretrial motion for appointment of experts at the state's expense.  As stated, petitioner argues that bullet trajectory opinion evidence would have proven that he lacked the required deliberation state of mind when the crimes were committed.  (Doc. 21 at 16.)  However, aside from his conclusory argument, the trial evidence, including his own

-14-

statements, both before the crimes and after, indicate that such opinion evidence would not have led to a different result at trial.

In Ground Three (c), petitioner contends that appellate counsel provided constitutionally ineffective assistance by failing to raise on appeal the trial court's error in admitting testimony that constituted propensity evidence over an objection. Under Missouri law, "evidence of uncharged misconduct is inadmissible if it is offered for the purpose of showing a defendant's propensity to commit crimes." State v. Driscoll, 55 S.W.3d 350, 354 (Mo. 2001). "However, such evidence may be admitted if it is logically and legally relevant to establish the defendant's guilt of the crime charged." Id. Here, the trial court admitted the challenged testimony to establish petitioner's state of mind at the time of the alleged shootings. (Doc. 12, Ex. J at 43.) Accordingly, appellate counsel reasonably declined to raise this issue on appeal.

In Ground Three (d), petitioner argues that appellate counsel rendered constitutionally ineffective assistance by failing to raise on appeal the trial court's admission of the deposition of Officer Brown and the letter from Larry Ferrell in violation of the Confrontation Clause. In Ground Three (e), petitioner contends that appellate counsel was constitutionally ineffective by failing to raise on appeal trial court's error in not holding a hearing to determine whether petitioner's waiver of his right to testify was voluntary and knowing. In Ground Three (f), petitioner alleges that appellate counsel rendered constitutionally ineffective assistance by failing to raise the trial court's error in declining to acquit petitioner due to the insufficiency of the evidence.

Because petitioner failed to raise the trial court errors giving rise to Grounds Three (d) – (f) at his trial, the appellate court would have had discretion to apply the plain error standard of review. State v. Thurman, 272 S.W.3d 489, 496 (Mo. Ct. App. 2008). To establish plain error, petitioner must "show that the trial court's error so substantially violated his rights that manifest injustice or a miscarriage of justice results if the error is not corrected." Williams v. McKenna, 311 F. 3d 895, 897 (8th Cir. 2002) (quoting State v. Cole, 71 S.W.3d 163, 170 (Mo. 2002)). Furthermore, an appellate attorney is granted broad discretion to limit the appeal to issues he views most likely to succeed. Carter v.

Bowersox, 265 F.3d 705, 716 (8th Cir. 2001).  As a result, it is particularly difficult to establish constitutionally ineffective assistance of appellate counsel based on appellate counsel's "failure to raise an issue that, if raised, would have been subject to plain error review."  Williams, 311 F.3d at 897.  Appellate counsel acted reasonably in deciding to forgo Grounds Three (d) through (f) on appeal.  See Pollard v. Delo, 28 F.3d 887, 889–90 (8th Cir. 1994) (appellate counsel not ineffective for failing to raise claim for first time on appeal).  Accordingly, Grounds Three (d) through (f) are without merit.

Further, as set forth above, no prejudice resulted from the admission of the deposition of Officer Brown and the letter of Larry Ferrell.  Also set forth above, evidence adduced at trial sufficiently supported petitioner's convictions.  Additionally, the post-conviction motion court held an evidentiary hearing, which elicited testimony regarding petitioner's waiver of his right to testify, and determined that petitioner considered his attorneys' advice and decided not to testify.  (Doc. 12, Ex. E at  84; Ex. K at 8-11. 19, 23-26, 40-45.)

Grounds Three (a) through (f) fail on their merits.

## VII.  CONCLUSION

For the reasons stated above, the petitions of Carl Epkins for a writ of habeas corpus are denied.  Because, petitioner failed to make a substantial showing that he suffered a violation of a constitutional right, a certificate of appealability is denied.  28 U.S.C. § 2253(c)(2).  An appropriate Judgment Order is issued herewith.


       /S/  David D. Noce       
**UNITED STATES MAGISTRATE JUDGE**

Signed on  January 7, 2013.